UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| AMY M. DURKEE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-484 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) ) | |

       This is a social security action brought under 42 U.S.C. § 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income (SSI) benefits. Plaintiff filed her SSI application on June 10, 2002, alleging disability on the basis of a lower back impairment and anxiety. (A.R. 52-54).[1] Plaintiff's claim was denied on initial review, and as a disability redesign prototype case, her claim was not subject to administrative review at the reconsideration stage. (A.R. 23). On January 3, 2005, plaintiff received a hearing before an administrative law judge (ALJ) at which plaintiff was represented by counsel. (A.R. 246A-283). On February 25, 2005, the ALJ issued a decision finding that the twenty-five-

---

[1] SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335; *see Brown v. Apfel*, 192 F.3d 492, 495 n.1 (5th Cir. 1999); *Torres v. Chater*, 125 F.3d 166, 171 n.1 (3d Cir. 1997); *Kepler v. Chater*, 68 F.3d 387, 389 (10th Cir. 1995); *see also Romero v. Barnhart*, 135 F. App'x 172, 174 (10th Cir. 2005); *Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004). Therefore, the question before the Commissioner on plaintiff's SSI claim was whether plaintiff was disabled in or after June 2002, not plaintiff's alleged onset date of December 18, 2001. (A.R. 52).

year-old plaintiff was not disabled. (A.R. 12-20). The Appeals Council denied review on May 18, 2005 (A.R. 3-5), and the ALJ's decision became the Commissioner's final decision. On July 18, 2005, plaintiff filed her complaint in this court seeking review of the Commissioner's decision denying her SSI claim. Plaintiff argues that the hypothetical question posed to the vocational expert was inadequate to provide substantial evidence in support of the Commissioner's decision because the hypothetical "did not accurately reflect the Plaintiff's physical or mental state." (Plf. Brief at 7, docket # 7). Upon review, I find that plaintiff's argument does not provide any basis for disturbing the Commissioner's decision, and recommend that the Commissioner's decision be affirmed.

## **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston*, 245 F.3d at 534 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because

there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ – would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## **Discussion**

The ALJ found that plaintiff had not engaged in substantial gainful activity since June 10, 2002. The ALJ found that plaintiff's "low back pain due to mild stenosis and depression" constituted severe impairments. The ALJ found that plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. The ALJ determined that plaintiff's subjective complaints were not fully credible. The ALJ found that plaintiff retained the residual functional capacity (RFC) "to lift up to 20 pounds occasionally with 10 pounds frequently; and sit, stand or walk approximately six hours each out of an eight-hour workday." Plaintiff was limited to simple, repetitive jobs. The ALJ found that plaintiff had no past

relevant work. Plaintiff was 25 years old as of the date of the ALJ's decision. Thus, plaintiff was classified as a younger individual. Plaintiff has a high school or high school equivalent education. The ALJ found that plaintiff retained a RFC for a significant range of light work. The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age and with her RFC, education, and work experience, the VE testified that there were approximately 5000 light and 13,000 sedentary jobs within the State of Michigan that plaintiff was capable of performing. (A.R. 278-80). The ALJ held that this constituted a significant number of jobs. Using Rule 202.20 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled. (A.R. 12-20).

**1.**

Plaintiff argues that the hypothetical question posed to the VE was inadequate because the hypothetical improperly characterized her mental impairment "as having anxiety and not as having moderate diagnosis of depressive disorder." (*Id.* at 6). Plaintiff's hearing testimony did not include any claim that she had any functional limitations based on depression. Plaintiff repeatedly referred to her mental impairment as "anxiety" (A.R. 258-59, 264-66). Plaintiff's attorney did not ask plaintiff a single question during the hearing about any functional limitations caused by depression. Plaintiff did not have any history of hospitalization or intensive treatment for any mental impairment. Plaintiff testified she was not involved in any form of counseling. (A.R. 259). Plaintiff identified her treating physician as Dr. Savage. (A.R. 262). Plaintiff's attorney alluded to not being able to obtain Dr. Savage's records in time for the hearing, but the attorney made no request that the ALJ keep the record open to allow him to supplement the record to include Dr. Savage's records.

It was against this backdrop that the ALJ posed a hypothetical to the VE including limitations that the person has a problem with anxiety and is most comfortable working around a small group of people rather than a large group of people, and would be limited to simple, repetitive jobs. (A.R. 279-80). In response to the ALJ's hypothetical question, the VE identified 5000 light and 13,000 sedentary jobs within the State of Michigan that the hypothetical person would be capable of performing. I find that the VE's response to the hypothetical question provides substantial evidence supporting the ALJ's determination that plaintiff was not disabled. *See Varley v. Secretary of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987); *see also Baranich v. Barnhart*, 128 F. App'x 481, 486-87 (6th Cir. 2005).

Plaintiff contends that the hypothetical should have included depression-related limitations on plaintiff's ability to concentrate and maintain focus. (Plf. Brief at 6). It is well settled that a hypothetical question to a VE need not include unsubstantiated complaints. *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *see also Walton v. Commissioner*, 60 F. App'x 603, 611 (6th Cir. 2003). The ALJ found that plaintiff's subjective complaints were not fully credible. The apparent foundation of plaintiff's argument that the hypothetical was not sufficiently restrictive is a single consultative examination on October 16, 2002, during which plaintiff reported to Dennis L. Mulder, E.D.D., D.A.B.P.S., that her health was poor, and that she spent most of her time watching television and napping. (Plf. Brief at 4). Plaintiff complained of feeling hopeless and worthless, described sleep disturbance and was somatically preoccupied. Plaintiff complained to Psychologist Mulder of being depressed, withdrawing from others and that she lacked interest or motivation. Mulder offered a diagnosis of a depressive disorder, not otherwise specified "secondary to physical complaints" and a current GAF of 50. (A.R.

210-14). The ALJ was well aware of this assessment and discussed it in his opinion. (A.R. 16). I find that the ALJ's determination that plaintiff retained the RFC for simple, repetitive jobs is supported by more than substantial evidence. Plaintiff's attack on the hypothetical question assumes credibility and RFC determinations other than those made by the ALJ.

## Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.


Dated:  February 22, 2006           /s/  Joseph G. Scoville
                                    United States Magistrate Judge



## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).